UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-MC-00003-RGJ-CHL

JOYCE ROWLEY,                                                                                          Plaintiff,

v.

CITY OF NEW BEDFORD,                                                                            Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is a motion to quash a foreign subpoena filed by Nonparty Dr. Erica Lipanovich. (DN 1). Plaintiff filed a response in opposition. (DN 6.) Dr. Lipanovich did not file a reply and the time to do so has expired. U.S. District Judge Rebecca Grady Jennings referred this matter to the undersigned for disposition. (DN 3.) Therefore, this motion is ripe for review.

I. BACKGROUND

The subpoena subject to the instant motion was issued in connection to an action pending before the United States District Court for the District of Massachusetts, *Rowley v. City of New Bedford, Massachusetts*, No. 1:21-cv-11649-FDS (D. Mass. filed Oct. 8, 2021). Defendant City of New Bedford ("the City") owns and operates a municipal zoo in Massachusetts (the "Buttonwood Park Zoo") that houses two geriatric Asian elephants named Ruth and Emily. (DN 1, *Rowley v. City of New Bedford*, No. 1:21-cv-11649-FDS (D. Mass. ent'd Oct. 8, 2021)). Plaintiff alleges that the City violated the Endangered Species Act ("ESA") when it harmed and harassed Ruth and Emily through inadequate shelter, nutrition, and medical care. (*Id*.) Dr. Lipanovich is a veterinarian formerly employed at the Buttonwood Park Zoo during the relevant period. (DN 6 at 29.) She is currently employed at the Louisville Zoo and resides in Louisville, Kentucky. (DN 1 at 2.) Dr. Lipanovich's clinical records pertaining to the medical treatment of

Ruth and Emily were utilized by the parties in *Rowley*. (DN 6 at 30.) Plaintiff asserts that because the Parties disagree regarding Plaintiff's interpretation of Dr. Lipanovich's records, Dr. Lipanovich's testimony regarding the records is relevant to Plaintiff's claims against the City. (*Id*.)

Pursuant to an entry in *Rowley*, fact discovery concluded on December 27, 2022. (DN 90, *Rowley v. City of New Bedford*, No. 1:21-cv-11649-FDS (D. Mass. ent'd Nov. 23, 2022)). On that same day, Plaintiff filed a motion requesting an extension of the discovery deadline for the purpose of taking Dr. Lipanovich's deposition. (DN 97, *Rowley v. City of New Bedford*, No. 1:21-cv-11649-FDS (D. Mass. ent'd Dec. 27, 2022)). Plaintiff's motion is pending before the District of Massachusetts at this this time. On December 28, 2022, the subpoena was issued to Dr. Lipanovich. (DN 1 at 1.) Dr. Lipanovich accepted service on January 9, 2023. (DN 6-2 at 39.)

Plaintiff's subpoena commanded Dr. Lipanovich to appear for a remote deposition on January 19, 2023. (DN 1-1.) Shortly after service, counsel for Dr. Lipanovich contacted Plaintiff with concern regarding the timing of the subpoena, both in conjunction with the discovery deadline and Dr. Lipanovich's schedule. (DN 1-3 at 25). On January 12, 2023, Plaintiff offered to arrange the deposition at a mutually agreeable date and time. (DN 6-1 at 37.) In response, Dr. Lipanovich requested Plaintiff to withdraw the subpoena pending the District of Massachusetts ruling on her motion to extend discovery. (DN 1-3 at 24.) Plaintiff refused. (*Id*.; DN 6-3 at 40.) Lipanovich timely filed the instant motion on January 18, 2023. On February 22, 2023, the undersigned conducted a telephonic status conference on the motion. The Parties stated their respective positions and counsel for Dr. Lipanovich confirmed that she did not intend to file a reply to Plaintiff's response. (*See* DN 9.)

## II. LEGAL STANDARD

Fed. R. Civ. P. 45 allows parties, *inter alia*, to command a nonparty to appear at a certain time and place to testify or produce documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). A party responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). A subpoena that imposes an undue burden or expense or fails to allow reasonable time to comply must be quashed. Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(i)-(ii). What constitutes an "undue burden" is assessed on a case-by-case basis. *In re: Mod. Plastics Corp.*, 890 F.3d 244, 250–51 (6th Cir. 2018). Rule 45 explicitly provides that motions to quash or modify subpoenas must be brought in "the district where compliance is required[.]" Fed. R. Civ. P. 45(d)(3)(A). The "party seeking to quash a subpoena bears the ultimate burden of proof." *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

## III. DISCUSSION

Under the circumstances presented here, the Court finds that Dr. Lipanovich has not satisfied her burden to quash Plaintiff's subpoena. To begin, Dr. Lipanovich asserts that Plaintiff failed to take reasonable steps to avoid imposing an undue burden or expense on Dr. Lipanovich, though she neglects to specify what that burden or expense might be. Instead, Dr. Lipanovich argues that Plaintiff acted unreasonably by failing to contact Dr. Lipanovich before the issuance of the subpoena to discuss the timing, place, and subject matter of the testimony. (DN 1 at 2.) This argument is meritless. Dr. Lipanovich neither asserts a basis for being entitled to prior notice nor that the lack of notice was prejudicial to her. If Dr. Lipanovich intended to argue that rearranging her work schedule on short notice was burdensome, then the Court is not persuaded by that argument without a further showing that the burden was undue. Conversely, the Court

finds Plaintiff acted reasonably to avoid imposing any potential undue burden or expense on Dr. Lipanovich. (DN 6 at 33; DN 6-1 at 37.) Counsel for Dr. Lipanovich does not specify when he first contacted Plaintiff to establish a line of communication. (*See* DN 1-3.) However, once in communication and two days after service of the subpoena on January 12, 2023, Plaintiff promptly communicated the timing, place, and subject matter of Dr. Lipanovich's deposition to counsel. (*See* DN 6-1.) Plaintiff simultaneously offered to reschedule the deposition to an alternative date and time convenient to Dr. Lipanovich, adding that "[she did] not have Dr. Lipanovich's phone number, or [she] would have tried to contact her to arrange a mutually agreeable date and time." (*Id.*) Thus, any potential burden on Dr. Lipanovich's schedule imposed by the initial compliance date was alleviated by Plaintiff's open offer to extend that date. (*Id.*) The Court finds that Plaintiff acted reasonably to avoid imposing an undue burden which, as far as the Court is aware, did not exist in the first place.

Although Dr. Lipanovich does not explicitly state as much, her motion implies that Plaintiff's suggested timeframe did not allow her sufficient time to comply with the subpoena given the restrictions of her work schedule and the importance of her role at Louisville Zoo. Dr. Lipanovich does not elaborate further on the nature of those restrictions. The Court is unpersuaded by the implication that Dr. Lipanovich cannot be away from her duties for as long as it would take to participate in a remote deposition. Rule 45 does not specify what length of time qualifies as reasonable for compliance. *See* Fed. R. Civ. P. 45. Here, the subpoena initially gave Dr. Lipanovich ten days to comply, which was not patently unreasonable given that she was not required to travel and could appear remotely from her residence, was not required to produce documents, was limited to four hours of testimony, and was given the opportunity to select a date of her choosing if she wished. (*See* DN 6-1, 6-2, 6-3.) When Dr. Lipanovich did not select a date

4

and refused to testify, Plaintiff offered an additional fourteen days for compliance up to February 1, 2023. (DN 6-3, 6-4.) Thus, the Court finds that the total of twenty-two days from the date of service was sufficient time to comply. Ultimately, Dr. Lipanovich's refusal to comply within that timeframe or otherwise was a burden of her own making rather than one of Plaintiff's making.

Next, Dr. Lipanovich asserts that Plaintiff's subpoena is invalid because it was issued after the close of discovery. (DN 1 at 2.) As a threshold matter, a motion to quash is properly directed, at least initially, to the "court for the district where compliance is required[.]" Fed. R. Civ. P. 45(d)(3). Nonetheless, Plaintiff correctly asserts that the issue of the subpoena's timeliness relies at least partly on the existing scheduling order in *Rowley* and on the disposition of Plaintiff's pending motion to extend discovery before the District of Massachusetts. (DNs 90 and 97, *Rowley v. City of New Bedford*, No. 1:21-cv-11649-FDS (D. Mass. ent'd Oct. 9, 2022)). Plaintiff further asserts that, during a conference on October 3, 2022, the District of Massachusetts held that it "would not modify the entire schedule due to a deposition if it occurred within a matter of days of the deadline." (DN 6 at 30-31.) In deference to our sister Court, this Court does not purport to modify or interpret the scheduling orders issued by the District of Massachusetts. A motion to quash challenges only the validity of the subpoena itself, not the admissibility of the underlying discovery. *Comer v. Roosen Varchetti & Olivier, PLLC*, No. CV 17-13218, 2018 WL 11473294, at *1 (E.D. Mich. Sept. 5, 2018).

With that background in mind, the Court finds that the circumstances here do not warrant quashal of Plaintiff's subpoena based on timeliness. Generally, a subpoena is "a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order," but the service of a subpoena after the close of discovery simply subjects it to a motion to quash within the Court's discretion. *The Sterling Grp., L.P. v. Babcock Power, Inc.*, 2017 U.S. Dist.

5

LEXIS 107554, *6-7 (W.D. Ky, July 10, 2017) (citation omitted); *AFT Michigan v. Project Veritas*, 2022 WL 779784, at *4 (E.D. Mich, Mar. 14, 2022) ("[T]he decision to quash … must necessarily be committed to the sound discretion of the trial court…")  Here, the subpoena was untimely by one day.  The deadline for discovery was December 27, 2022.  Plaintiff issued the subpoena on December 28, 2022.  That said, courts may modify a case schedule for good cause and Plaintiff has petitioned the District of Massachusetts to do so.  *See* Fed. R. Civ. P. 16(b)(4).

More importantly, Dr. Lipanovich does not state what prejudice or undue burden she might suffer due to a subpoena which was untimely by one day, assuming the District of Massachusetts elects to not extend the deadline.  Dr. Lipanovich is not a party to the action and is not subject to its deadlines.  Had Plaintiff failed to request the District of Massachusetts to reopen discovery at all, this Court would be within its discretion to quash the subpoena on that ground alone.  *Saffady v. Chase Home Finance, Inc.*, 2011 Wl 717564, at *3 (E.D. Mich. Feb. 22, 2011) (citing *Buhrmaster v. Overnite Trans. Co*., 61 F.3d 461, 464 (6th Cir.1995); *Thomas v. City of Cleveland*, 57 Fed.Appx. 652, 654 (6th Cir.2003); *McGuire v. Warner*, 2009 WL 2370738 (E.D. Mich. 2009)); *see Johnson v. Aston Car, Inc.*, 2023 WL 2224434, at *3 (E.D. Mich. Feb. 24, 2023) ("The proper action for [the party seeking discovery] is…to move the Court for an extension of time").  But, she did in fact move to modify the discovery schedule.

Lastly, the Court is not persuaded that Dr. Lipanovich incurred an undue expense in filing her motion to quash.  Other avenues of resolution were available to Dr. Lipanovich, such as negotiating a mutually agreeable date with Plaintiff, filing a motion to modify the subpoena's compliance date, or even awaiting a ruling on Plaintiff's motion to extend discovery deadlines in *Rowley*.  Moving to quash was, therefore, "a choice of action rather than an inexorable burden." *No. 2:21-MC-00002, 2021 WL 1169114 (S.D. Ohio Mar. 29, 2021).*  In sum, Dr. Lipanovich has

failed to demonstrate that lack of prior notice, the discovery sought, or the timeliness of the subpoena caused her undue burden or expense to warrant quashing Plaintiff's subpoena.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Nonparty Dr. Lipanovich's motion to quash (DN 1) is **DENIED**.

Colin H Lindsay, Magistrate Judge
United States District Court

April 17, 2023

cc:  Counsel of record
     Joyce Rowley, *pro se* Plaintiff (via Certified Mail)

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.